THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARA GAHAN,

        Plaintiff,

   v.

WELLS FARGO BANK, N.A.,

        Defendant.

CASE NO. C19-0415-JCC

ORDER

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 9). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

**I.    BACKGROUND**

In 2008, Plaintiff Sara Gahan purchased real property in Mt. Vernon, Washington (the "Property") with a loan in the amount of $248,391 obtained through Linear Financial. (Dkt. Nos. 5, 10-1 at 2–25.) That loan was subsequently assigned to Defendant Wells Fargo Bank, N.A. (Dkt. No. 10-1 at 26.) In 2010, a Notice of Trustee's Sale of the Property was recorded, and two years later, a Notice of Discontinuance of Trustee's Sale was recorded. (*Id.* at 28–33.) In March 2012, Plaintiff entered a loan modification agreement with Defendant, which stated that the new principal balance of Plaintiff's loan was $266,153.88. (*Id.* at 35–40; Dkt. No. 5 at 3.)

In February 2017, Plaintiff received a letter from Defendant stating that her loan was in

1  default. (*Id.* at 4.) In mid-2017 and early 2018, Plaintiff alleges that she received a series of
2  letters from "Home Preservation Specialist Omolarah Hasan" insinuating that Plaintiff was under
3  review for a loan modification (*Id.*) These letters confused Plaintiff because she believed she was
4  already in a loan modification program. (*Id.* at 4–5.) By early 2018, Plaintiff would have been in
5  the loan modification program for nearly six years. Plaintiff alleges that she had been making a
6  $1,300.15 monthly payment for over two years. (*Id.* at 5.)

7  In February 2018, Plaintiff received a letter stating that Defendant would commence
8  foreclosure proceedings on the Property unless she paid $232,388.45. (*Id.* at 5.) In March 2018, a
9  second Notice of Trustee's Sale of the Property was recorded, and on June 12, 2018, a Notice of
10 Discontinuance of Trustee's Sale was recorded. (Dkt. No. 10-1 at 42–47.) In June 2018, Plaintiff
11 sold her home and Defendant received $240,550.25 of the sale proceeds. (*Id.* at 49–57; Dkt. No.
12 5 at 5.) Plaintiff alleges that she was not credited for the loan modification payments that she
13 made for over two years. (*Id.* at 5.) Conversely, Defendant alleges that Plaintiff stopped making
14 payments on her loan in August 2017, which is why Defendant planned to commence
15 foreclosure proceedings. (*See* Dkt. No. 9 at 7.) Plaintiff filed this lawsuit, bringing a breach of
16 contract claim and a claim for violation of the Washington Consumer Protection Act ("CPA").
17 (*Id.* at 3, 5–6.) Defendant moves to dismiss Plaintiff's claims for failure to state a claim. (Dkt.
18 No. 9.)

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Legal Standard

The Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B.    Judicial Notice**

Defendant asks the Court to take judicial notice of the following documents: (1) a promissory note dated April 14, 2008, executed by Plaintiff ("Exhibit 1"); (2) a deed of trust dated April 14, 2008, executed by Plaintiff and her husband, Jason Gahan, recorded April 16, 2008 ("Exhibit 2"); (3) an assignment of the April 14, 2008 deed of trust to Defendant, executed by Plaintiff, recorded on April 23, 2008 ("Exhibit 3"); (4) a Notice of Trustee's Sale dated September 7, 2010, recorded on September 9, 2010 ("Exhibit 4"); (5) a Notice of Discontinuance of Trustee's Sale dated March 20, 2012, recorded on March 22, 2012 ("Exhibit 5"); (6) a loan modification agreement entered between Plaintiff and Defendant, dated February 29, 2012 ("Exhibit 6"); (7) a Notice of Trustee's Sale dated March 23, 2018, recorded on March 27, 2018 ("Exhibit 7"); (8) a Notice of Discontinuance of Trustee's Sale dated June 12, 2018, recorded on June 14, 2018 ("Exhibit 8"); (9) a statutory warranty deed dated May 29, 2018, executed by Plaintiff and Jason Gahan, recorded on June 6, 2018 ("Exhibit 9"); (10) a deed of reconveyance dated June 14, 2018, recorded July 23, 2018 ("Exhibit 10"); and (11) a real estate tax affidavit executed by Plaintiff and Jason Gahan on June 5, 2018 ("Exhibit 11"). (*See* Dkt. No. 10.)

Generally, the Court may not consider material outside of the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this rule. First, the incorporation-by-reference doctrine allows the Court to treat certain documents as though they are part of the complaint itself. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th

Cir. 2018). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Second, the Court is permitted to take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). One way that a fact is not subject to reasonable dispute is if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Every exhibit except for Exhibits 1 and 6 are subject to judicial notice because they are official public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2); *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Exhibits 1 and 6 are subject to judicial notice via the incorporation-by-reference doctrine. Plaintiff's complaint refers to both her initial purchase of the Property and the loan modification agreement. (Dkt. No. 5.) Both of these documents are central to Plaintiff's claim because the crux of her complaint is that she made payments, in compliance with the requirements of her note and subsequent loan modification agreement, and was never credited for those payments. (*See generally id.*) And Plaintiff does not question the authenticity of Exhibits 1 or 6. (*See* Dkt. No. 11.) Therefore, the Court GRANTS Defendant's request for judicial notice in full.

### C. Breach of Contract Claim

In order to state a claim for breach of contract, the plaintiff must show that there was a contract that imposed a duty on the defendant, the defendant breached that duty by failing to fully perform it, and the plaintiff was injured as a result. *See Nw. Indep. Forest Mfrs. V. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). In suits for damages only, a party must allege that damages have been suffered. *See Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 162 P.3d 1153, 1160 (Wash. Ct. App. 2007). Defendant argues that Plaintiff's breach of

contract claim fails because she has not, and cannot, establish that she has suffered actual damages. (Dkt. No. 9 at 6–7.) The basis of Defendant's argument is that Plaintiff's damages were the result of the non-payment of her loans—Defendant alleges that Plaintiff failed to make her monthly payments beginning in August 2017, which is supported by the Notice of the Trustee's Sale recorded in March 2018. (*See* Dkt. No. 9 at 7.) But Plaintiff alleges that she was making payments at this time and had been making those payments for two years, and it would be improper to judicially notice the Notice of the Trustee's Sale for that disputed fact. (Dkt. No. 5.) In other words, Plaintiff alleges that the Notice of the Trustee's Sale was entered and recorded in error because she was making satisfactory payments on the loan. Therefore, Defendant's motion to dismiss Plaintiff's breach of contract claim is DENIED.[1]

### D. CPA Claim

In order to state a claim for a CPA violation, the plaintiff must allege that the defendant: (1) engaged in an unfair or deceptive act or practice that (2) occurred in trade or commerce, (3) had a public interest impact, and (4) caused (5) injury to the plaintiff in his or her business or property. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Defendant argues that Plaintiff's CPA claim fails because she fails to allege that Defendant committed an unfair or deceptive practice, that Defendant's conduct impacts the public interest, and that Defendant's conduct caused Plaintiff's injury. (Dkt. No. 9 at 8–13.)

With regard to Defendant's first argument, Plaintiff has not used the words "unfair or deceptive" to describe Defendant's conduct. (*See id.*) However, she has alleged facts that allow

---

[1] Defendant makes one other argument in support of dismissal of Plaintiff's breach of contract claim. It argues that because Plaintiff elected to privately sell her property for a sizable profit, she has not suffered any actual damages. (Dkt. No. 9 at 7.) This argument also fails. Plaintiff's complaint is premised on the theory that she was not credited for two years of payments. (*See* Dkt. No. 5.) Therefore, assuming the facts in her complaint are true as the Court must, if Defendant properly credited her for those two years of payments, Plaintiff would have owed Defendant less money when she elected to privately sell her house. Therefore, she still suffered actual damages even if she made a profit from the sale of her home.

ORDER
C19-0415-JCC
PAGE - 5

the Court to draw a reasonable inference that Defendant's conduct was unfair or deceptive. (*See id.*); *Iqbal*, 556 U.S. at 678. Defendant also argues that Plaintiff's CPA claim fails because she has failed to properly allege injury and causation. (Dkt. No. 9 at 11–13.) Defendant supports this argument with the same theory it uses to support its breach of contract argument—that Plaintiff's damages were the result of her failure to make timely payments. (*Id.* at 12–13); *see supra* Section II.C. As discussed previously, this argument ignores Plaintiff's allegation that she made timely payments for two years.

However, Plaintiff has not alleged that any of Defendant's conduct impacts the public interest. (*Id.*) Plaintiff's claim focuses entirely on Defendant's actions with regard to *her* loan, and the harm that *she* suffered. (*Id.*) In order to properly plead a CPA claim, Plaintiff must allege that Defendant's conduct had a public interest impact, which she has failed to do. *See Hangman Ridge Training Stables*, 719 P.2d at 533; (Dkt. No. 5.) Therefore, Defendant's motion to dismiss Plaintiff's CPA claim is GRANTED. Plaintiff's CPA claim is DISMISSED without prejudice and with leave to amend.

### E. Waiver and Estoppel

Defendant argues that Plaintiff's claims are barred by the doctrines of waiver and estoppel. (Dkt. No. 9 at 5–6.) Defendant's argument is that Plaintiff was in default beginning in 2017, elected to sell the Property to pay her debt to Defendant, did so, and never complained to Defendant. (*Id.*) Therefore, because Plaintiff decided to sell her property to pay her debt to Defendant, she should be barred from suing Defendant. (*Id.*) There is no legal basis for this argument. Assuming the truth of Plaintiff's allegations, she made two years of payments to Defendant during a time that Defendant asserted that she was in default. (Dkt. No. 5 at 4–6.) When she tried to contact Defendant, she received no help or valuable information about what happened to those payments. (*Id.* at 5.) So when Defendant told Plaintiff that it was going to foreclose on her property, she chose to sell it in an effort to obtain more money. Plaintiff's conduct does not bar her from bringing litigation against Defendant, if Defendant failed to

properly credit her for two years of payments. Defendant's motion to dismiss on the grounds of waiver and estoppel is DENIED.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 9) is GRANTED in part and DENIED in part. Plaintiff's CPA claim is DISMISSED without prejudice and with leave to amend. If Plaintiff wishes to file an amended complaint, she must allege sufficient facts to satisfy all the elements of a CPA violation. *See Hangman Ridge Training Stables*, 719 P.2d at 533. Specifically, Plaintiff must allege facts demonstrating that Defendant's conduct had a public interest impact. *See id.* If Plaintiff wishes to file an amended complaint, she must limit her amendments to the deficiencies addressed in this order. Plaintiff may not add other parties or other causes of action. Plaintiff must file the amended complaint within 21 days of the date this order is issued.

DATED this 30th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE